UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                                    Case No.  8:07-cr-126-T-24 TBM

MELODY ESSER
_____/

# ORDER

This cause comes before the Court on Defendant's Motion to Suppress Evidence.  (Doc. No. 20).  The Government opposes the motion.  (Doc. No. 24).  The Court held an evidentiary hearing on this motion on June 29, 2007 and July 6, 2007. Defendant Esser is charged with possession of gift cards stolen from the United States mail in violation of 18 U.S.C. §1708. Defendant Esser seeks to suppress evidence found in the search of her purse that occurred on August 13, 2003.  She also seeks to suppress any statements made subsequent to the search which relate to the items found in her purse. Based on the testimony and evidence presented at the hearing, the Court finds that the motion to suppress should be denied.

Defendant Esser was hired by the United States Postal Service on February 13, 1988. New employees are trained for six to eight hours when they are hired on the office rules of the postal service.  The office rules where Defendant worked included the rule that "[a]ll employees must read and observe posted orders, instructions, and bulletins which shall not be defaced, damaged, or removed from the bulletin boards."  (Gov. Ex. 1A, ¶ 11, Gov. Ex. 1B, ¶ 15).

Postal Inspector John Kuehner testified that there was a bulletin board in the front of the office where Defendant worked and that the bulletin board had rules and regulations posted on it. Specifically, Kuehner testified that on August 13, 2003, when the search at issue occurred, the document titled, "Rules and Regulations Governing Conduct on Postal Property," Poster 7,  was posted on the bulletin board in front of  the office in the building where Defendant worked. (Gov. Ex. 3A).  The Rules and Regulations Governing Conduct on Postal Property contained the

following provision: "Purses, briefcases, and other containers brought into, while on, or being removed from the property are subject to inspection." (Gov. Ex 3A).

Defendant testified that she looked at the bulletin board almost every day and that she knew that she had a duty to read the rules and regulations that were posted there. However, Defendant testified that she was not aware of the provision in the Rules and Regulations Governing Conduct on Postal Property regarding inspection of purses brought onto the property. Defendant was not required to sign any document showing that she knew of and/or understood the Rules and Regulations Governing Conduct on Postal Property or its specific provision regarding inspection of purses brought onto the property.

On August 13, 2003 as she was going off duty from having worked her shift at the postal service, Postal Inspectors Timothy Roth and Rosalyn Roker-Arzu interviewed Defendant regarding the theft of gift cards. She voluntarily signed a consent to interview form and was interviewed in an office at the post office. During the interview, the inspectors asked Defendant if they could search her purse. There is a dispute in the evidence as to whether Defendant knowingly and voluntarily consented to the search of her purse.

Defendant contends that when she was asked if the inspectors could search her purse, she objected and asked for a Union representative. A Union representative was called, and Defendant briefly spoke with him in private. Thereafter, Defendant contends that the Union representative told Defendant that she had to allow the inspectors to search her purse, and Defendant retrieved her purse from a filing cabinet in her work area.

Inspector Roker-Arzu testified that she doesn't specifically recall if Defendant consented to the search of her purse. However, Roker-Arzu testified that if Defendant had refused consent, Roker-Arzu would have called an Assistant United States Attorney. Roker-Arzu's report of the incident does not indicate that an Assistant United States Attorney was called. The other inspector, Roth, testified that neither the Union representative nor Defendant objected to the search of Defendant's purse.

Defendant contends that the search of her purse was done without a warrant and without her consent, and therefore, the search violated her Fourth Amendment rights. It is undisputed that there was no warrant for the search. Furthermore, if Defendant verbally consented to the search, her consent was arguably not obtained freely and voluntarily.

The Government, however, argues that Defendant had no reasonable expectation of privacy in her purse, because a condition of her employment was that her purse could be searched if she brought it onto post office property. The Court agrees. Based on her voluntary employment with the Postal Service, and her agreement to read and abide by all posted rules and regulations, among them the provision regarding searches of purses brought onto the property, the Court finds that Defendant consented to the search of her purse that she brought onto post office property. Furthermore, the Court notes that the public has an interest in making sure that the mail that is entrusted to the post office is not tampered with or stolen from by postal employees. Inspection of a purse or a briefcase brought into the work area is not unreasonable.

Accordingly, the Court finds that the search of Defendant's purse was not done in violation of her Fourth Amendment rights, and as such, the items found in her purse, along with the statements that Defendant made regarding those items after the search occurred, are admissible against her. Therefore, it is ORDERED AND ADJUDGED that Defendant's Motion to Suppress Evidence (Doc. No. 20) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of July, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record